C. McDERMOTT, Sr., et al.

v.

**TEAMSTERS JOINT COUNCIL NO. 53**
and
**Teamsters Local 107**
and
**Eastern Freight Ways, Inc.**

Civ. A. No. 71–261.

United States District Court,
E. D. Pennsylvania.

Aug. 14, 1972.

**474**

Martin A. Ostrow, Jay H. Tolson, Malis, Tolson & Malis, Martin A. Ostrow, Philadelphia, Pa., for plaintiffs.

Edward Davis, Davis & Casper, Philadelphia, Pa., for Teamsters Joint Council No. 53 and Teamsters Local 107.

John W. Pelino, Pelino, Wasserstrom, Chucas & Monteverde, Philadelphia, Pa., for Eastern Freight Ways, Inc.

## FINDINGS OF FACT, DISCUSSION, CONCLUSIONS OF LAW, AND ORDER

HAROLD K. WOOD, District Judge.

This is an action instituted under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, in which plaintiffs seek to enjoin the implementation of a decision of a Joint Area Committee which provided that the seniority rights of persons who recently became employees of plaintiffs' employer as the result of an acquisition should be dovetailed with the seniority rights of plaintiffs. We conducted a hearing on the application for a preliminary injunction. At the hearing, as there appeared to be no relevant facts in dispute, we directed the parties to submit a stipulation of facts. It was also agreed that on the basis of the stipulation and the remainder of the record before us we would decide the issue on the merits in accordance with Rule 65(a)(2) of the Federal Rules of Civil Procedure. We make the following:

### FINDINGS OF FACT

1. Plaintiffs are eighty-seven employees of defendant Eastern Freight Ways, Inc. (Eastern) and are part of a collective bargaining unit represented by defendant Highway Truck Drivers and Helpers, Local 107 (Local 107).[1]

2. All plaintiffs became employees of Eastern as a result of acquisitions or mergers with those companies formerly employing plaintiffs.

3. Eastern is a member of Motor Transport Labor Relations (M.T.L.R.). The collective bargaining agreement covering Eastern's employees, the National

---

1. Teamsters Joint Council No. 53, originally a defendant in this action has been dismissed by stipulation of the parties.

Master Freight Agreement, is the result of negotiations between M.T.L.R. (acting on behalf of Eastern and other members of M.T.L.R.) and Local 107 and its parent and sister local unions (acting for and on behalf of all of the employees of the members of M.T.L.R.).

4. Article 5 Section 3(a) of the National Master Freight Agreement provides, in relevant part, as follows:

"Section 3. (a) In the event that the Employer absorbs the business of another private, contract or common carrier, or is a party to a merger of lines, the seniority of the employees absorbed or affected thereby shall be determined by mutual agreement between the Employer and the Unions involved.

In the application of this provision the following general rules shall apply:

Merger, purchase, acquisition, sale, etc.

(1) If both carriers involved are solvent then the seniority lists of the two Companies should be dovetailed so as to create a Master Seniority List based upon total years of service with either Company. This is known as dovetailing in accordance with years of seniority.

\* \* \* \* \* \*

(8) Area and/or State Committees created pursuant to Local Supplements which have previously established rules of seniority, not contrary to the provisions of such Supplements, and approved by the Joint Area Committee, may continue to apply such rules if such rules are reduced to writing."

5. Prior to April 1, 1969, contrary to Section 3(a)(1), but in accordance with a Joint Committee rule in the Philadelphia area, it was the policy of the parties not to dovetail for all purposes the seniority of employees of acquired companies. Plaintiffs, when they became employees of Eastern, were placed at the bottom of the seniority list for determination of the order in which layoffs, when necessary, would be made. However, for all purposes other than determining the order of layoffs, plaintiffs were given credit for their years of service with their former companies.

6. In March, 1969, M.T.L.R., on behalf of Eastern and other employers, and the Eastern Conference of Teamsters, on behalf of Local 107 and other unions entered into a Memorandum of Agreement whereby, effective April 1, 1969, seniority would be determined in accordance with Article 5 Section 3(a)(1) of the National Master Freight Agreement. The new policy was not to affect seniority determinations made prior to April 1, 1969.

7. In June, 1969, Eastern made its first purchase or acquisition since 1964 by purchasing National Transportation Company (National).

8. At all times relevant to this proceeding, the bargaining agreement has provided for a multi-step grievance procedure, the third step of which is submission of the grievance to a Joint Area Committee consisting of an equal number of employer representatives and union representatives. No employee of the employer involved and no member of the local union involved in any grievance may be a member of a Joint Area Committee. The bargaining agreement provides:

"Section 6. (a) Where any committee established under this provision, by majority vote, settles a dispute such decision shall be final and binding on both parties with no further appeal."

Failure of an employer to abide by a decision of the Joint Area Committee voids the no strike clause of the collective bargaining agreement.

9. The Joint Area Committee determined that the seniority list of National's employees should be dovetailed with

that of the existing Eastern employees for all purposes.

## DISCUSSION

■ Plaintiffs contend that under the terms of their collective bargaining agreement they are entitled to greater seniority rights than they have been given and* that the decision of the Joint Area Committee and the subsequent acceptance and implementation of that decision by Eastern and Local 107 violated the bargaining agreement. As the allegation appears to be substantial, this Court has jurisdiction under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) which confers jurisdiction on the district courts for suits for "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964); Chasis v. Progress Manufacturing Company, 382 F.2d 773 (3rd Cir. 1967).

Plaintiffs contend that the decision of the Committee contravened the provision of the collective bargaining agreement which stated that the new policy of dovetailing seniority rights would not affect seniority determinations made prior to April 1, 1969. They allege that they have in fact been adversely affected as a result of the Committee decision. Plaintiffs also contend that Eastern, by implementing the decision violated the collective bargaining agreement and that Local 107 by acquiescing in the decision violated its fiduciary duty of fair representation.

The first question with which we are presented is our scope of review in this matter in light of the contract provision that majority decisions by the Joint Area Committee are final and unappealable.

In Bieski v. Eastern Automobile Forwarding Company, 396 F.2d 32 (3rd Cir. 1968) the Court was presented with the question of whether review under such circumstances as are presented here was limited to instances where there was "fraud or deceit" or whether the Courts could reverse a Committee decision which was not "reasonably concluded." Considerable weight was given to the often stated Supreme Court policy favoring private settlement of labor dispute with judicial intervention limited to the narrowest circumstances. The Court concluded that where a dispute is not jurisdictional, that is, where no issue is presented as to whether the procedure actually utilized in a certain dispute was intended by the contract to cover such a dispute, then the proper standard is the "fraud or deceit" standard. In Price v. International Brotherhood of Teamsters, etc., 457 F.2d 605 (3rd Cir. 1972), the Court reaffirmed its conclusion that where a decision is "appropriately reserved for the judgment of the Joint Committee, the result it reached will not be overturned unless dishonest, capricious or beyond its authority under the collective bargaining agreement."

In the instant case, it is not disputed that the issue was appropriate for resolution by the Joint Area Committee. There is also no evidence of dishonesty in this matter, the record being completely barren of any indication of bad faith on the Committee's part. Finally, although plaintiffs contend that the Committee interpreted the collective bargaining agreement's new policy "incorrectly and *without authority*", they do not suggest how the Committee exceeded its authority and we conclude that it did not. Accordingly, we direct ourselves to the question as to whether the Committee's decision was so arbitrary and capricious that it should be overturned on that ground.

■ Plaintiffs contend that the Committee's decision violated the Memorandum of Agreement (See Finding of Fact No. 6) which changed the prior practice of placing employees of merged compa-

nies at the bottom of seniority lists and provided that such employees would, in the future be dovetailed in accordance with Article 5 Section 3(a) of the National Master Freight Agreement. Section (3) of the Memorandum Agreement provides that "It is expressly understood that the abolition of the practice [of placing merged employees at the bottom of the seniority list] shall be prospective only and shall in no way affect seniority applications made prior to April 1, 1969, and such applications shall be considered for all purposes final and binding". Plaintiffs argue that this provision means that their seniority is not supposed to be affected by the new practice but that it has been because new employees have been dovetailed with them. They interpret the phrase to mean that employees assimilated by future mergers will have their seniority dovetailed with each other but not with employees already employed by Eastern at the time the Memorandum Agreement was signed. The Committee, however, interpreted Section (3) to mean that future merged employees would have their seniority merged with all existing Eastern employees. Such an interpretation is not arbitrary or capricious; in fact the Memorandum of Agreement hardly admits of another interpretation. It is worth noting that Section (3) of the Memorandum Agreement appears to mean merely that while future seniority will be dovetailed, those employees already with Eastern, who were placed at the bottom of the seniority list when their companies merged with Eastern, will not now have their seniority redetermined by dovetailing all existing employees. Thus plaintiffs fall short of indicating to us that the Committee decision was even unreasonable, much less of making the required showing of arbitrariness or capriciousness.

In essence, plaintiffs' claim is that the Committee's decision has placed them in an unfair position. They argue that they received no seniority for lay-off purposes when they joined Eastern because they were placed at the bottom of the seniority list. Now, having built up some seniority after eight or more years of employment, they are having their seniority diluted through dovetailing with new employees. However, even were we to conclude that the circumstances are unfair, this would not justify us in overturning the decision of the Joint Committee; fairness is not the standard to be applied.

Moreover we observe that under the circumstances some group of employees must be placed in the position in which plaintiffs now find themselves. The March, 1969 Memorandum of Agreement, not here challenged,[2] provided that dovetailing would not be retroactive. This being the case, there is of necessity some groups which is not dovetailed with a group which it succeeded but is dovetailed with a group which it preceded. Plaintiffs contend that this unfortunate group should be the former National employees rather than themselves. However the Joint Committee determined that National's employees should be dovetailed, and that decision, fairly supported by the language of the March, 1969 agreement, was not arbitrary or capricious.[3]

Plaintiffs' contention that Local 107 breached its duty of fair representation by acquiescing in and implementing the decision of the Joint Committee is patently without merit. A Union breaches this duty when its action toward a member or members of its bargaining unit is arbitrary, discriminating or in bad faith. Vaca v. Sipes, 386 U.S.

---

2. We believe that any unfairness results from the non-retroactivity provision of the Memorandum of Agreement and not from the Committee's interpretation of that Agreement.

3. As we find that the Committee decision was not improper, there is no merit to plaintiffs' contention that Eastern acted improperly in implementing it. There is no evidence of bad faith on Eastern's part.

171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However a union does not become neutralized whenever a dispute is between two different groups of its employees, and a breach of its duty of fair representation must consist of more than merely taking a position in favor of one group and against the other. Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964). There is no evidence in this case that Local 107 took the position which it did other than "honestly, in good faith and without hostility or arbitrary discrimination." *Id.* at p. 350, 84 S.Ct. at p. 372.

For these reasons we also conclude that there has been no actionable wrong which could give rise to plaintiffs' claim for money damages. In any event, plaintiffs have not stressed their claim for money damages; there is no evidence that any of them have been laid off from work as a result of being dovetailed with National's employees and, as determination of layoffs is the only area in which plaintiffs received no seniority when they joined Eastern, it does not appear that they could otherwise have been injured.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The collective bargaining agreement in effect between Eastern and Local 107 provided for submission of the grievance in question to the Joint Area Committee.

3. The decision of the Joint Area Committee was not fraudulent or in bad faith, nor was it arbitrary or capricious.

4. Plaintiffs are not entitled to an injunction enjoining implementation of the decision of the Joint Area Committee.

5. Plaintiffs are not entitled to money damages.